## St. Clair Foundry v. People's Bank.

COMMON COUNTS—*when recovery cannot be had under.* While the remedy under the common counts is a broad and liberal one, yet there must always be something to connect the party sought to be charged with the transaction upon which the suit is based before a recovery may be had thereunder.

Assumpsit. Error to the Circuit Court of St. Clair County; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the February term, 1907. Reversed, with finding of facts. Opinion filed September 13, 1907.

A. H. BAER, for plaintiff in error.

R. W. ROPIEQUET and LOUIS KLINGEL, for defendant in error.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This is a suit in assumpsit, brought by defendant in error, a banking corporation of the State of Louisiana, against the St. Clair Foundry, a corporation of the State of Illinois, as indorser of five promissory notes for $102 each, all identical in form, except as to the time of payment, and each signed by R. R. Blouin, payable to the order of R. D. Wiechert, and indorsed in blank by Wiechert.

The declaration as amended, contained one special count,

averring that on March 16, 1905, R. R. Blouin, being in-
debted to said St. Clair Foundry in the sum of $816, exe-
cuted and delivered to said St. Clair Foundry his eight cer-
tain promissory notes, bearing that date, for the sum of
$102 each; that said notes were executed at Donaldsonville,
Louisiana, and payable at the People's Bank of that place
in 3, 4, 5, 6, 7, 8, 9 and 10 months after date, and all pay-
able to St. Clair Foundry, under and by the name of R. D.
Wiechert; that said notes were on the same day indorsed by
said R. D. Wiechert, and assigned to defendant in error;
that said Wiechert was in that behalf acting as the agent
of plaintiff in error; that his acts were ratified by plaintiff in
error, and it received the full consideraton of said notes,
by means of which promises plaintiff in error then and there
became liable to pay to defendant in error, the amount of
said notes, etc.

To this count were also added the common counts. There
was a plea of the general issue and, a jury having been
waived, the trial was had before the court and judgment
rendered in favor of defendant in error, upon the common
counts, in the sum of $436.56, which was the amount actu-
ally paid by it to Wiechert.

The facts, as shown by the proofs in this case, are that at
the time the notes were given, the St. Clair Foundry, a cor-
poration located at Belleville, Illinois, was manufacturing,
among other things, farm jack-screws, the patent for which
it owned. It was also engaged in selling these machines to
and making contracts in regard to the same, with dealers.
These contracts provided that the dealer was to pay for the
first consignment at the rate of $3.05 each, of which amount
$1.70 was to be paid cash down and the balance, $1.35, at
the convenience of the purchaser; also that in consideration
of the price paid the dealer was to have the exclusive right
to sell said machines within a certain territory for a certain
length of time, with the privilege of buying additional ma-
chines, as he might want them thereafter, at the rate of
$1.35 each. At the time the notes were executed, Wiechert
was traveling agent for the St. Clair Foundry, engaged in

selling the farm jacks and making contracts for territory and was also its vice-president. He, together with George Nevill and A. F. Wilson, who were then working together at or near Donaldsonville, Louisiana, sold R. R. Blouin forty dozen of the farm jacks. The usual contract in regard to the price of the jacks and concerning the territory, was executed for appellant, by Wiechert as vice-president and also signed by Blouin. The contract acknowledged the receipt of payment of $1.70 on each machine. As a matter of fact Wiechert received no cash, but took instead the eight promissory notes payable to himself individually, for the sum of $102 each, above described. Wiechert had no authority from the St. Clair Foundry to receive anything but cash, and he refused to close the deal with Blouin, unless he could convert said notes into cash. He and Blouin, therefore, went to the People's Bank, defendant in error, where the notes and contract were shown to the cashier, who took the first four notes at a discount of 10 per cent. Wiechert indorsed the notes individually and deposited the proceeds to his own account. On March 20, 1905, Wiechert cashed the rest of the Blouin notes at the same bank at a discount of 40 per cent and closed his account. He divided the money derived from the Blouin notes and proceeds of cash and notes received from other sales, as follows: To Nevill 40 per cent, to Wilson 25 per cent, to himself 10 per cent, leaving a balance of 25 per cent, amounting to $1,518.50, with which he purchased a draft of defendant in error, payable to his own order. This draft he afterwards indorsed and turned over to plaintiff in error, as its share of the proceeds of the sales. Only the first five notes were introduced in evidence, and the judgment is for the amount paid by defendant in error for the same, with interest.

It appeared from the testimony of Wiechert and the secretary of the company and is uncontroverted, that Wiechert was in no way authorized by the company to accept notes in payment of territorial rights, or to indorse them on behalf of the foundry, but that he was to give the foundry either money or a draft for its share of the proceeds of

sales; that in taking the notes of Blouin and indorsing them he was acting on his own account. Nor was there anything in the evidence to sustain the charge that his acts in taking the notes and indorsing them, were ratified by plaintiff in error.

The court below properly found against defendant in error upon the special count, but it is also plain that defendant in error was not, under the evidence, entitled to recover upon the common counts.

It is contended by defendant in error, that it should be permitted to recover under the common counts for the reason that the transaction by which the money was obtained, from the bank upon the notes, was really the transaction of plaintiff in error. The facts, however, do not sustain this position but show that plaintiff in error had nothing to do with that transaction. The mere fact that Wiechert was acting as an agent of plaintiff in error in making the sale and contract, would not of itself make plaintiff in error liable for the money received by Wiechert for the notes cashed by defendant in error. While the remedy under the common counts is a broad and liberal one, yet there must always be something to connect the party sought to be charged with the transaction upon which the suit is based. Not only was there no authority on the part of Wiechert to bind plaintiff in error by his transaction with the bank, but he does not appear to have attempted to do so as the same was carried on entirely in his own name. There can be no recovery under the uncontroverted facts in this case and the judgment of the court below is therefore reversed.

*Reversed with finding of facts.*

Finding of facts, to be incorporated in the judgment of the court:

We find that plaintiff in error was in no way connected with the transaction between defendant in error and R. D. Wiechert, by which the former discounted the notes mentioned in the declaration in this case and paid the proceeds to said Wiechert; and also that said Wiechert in taking said

notes and indorsing them for discount to defendant in error, was acting without the authority of plaintiff in error and that plaintiff in error never ratified his action in so do- ing.